UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEOPOLDO CAICEDA CAICEDA,

                    Petitioner,

vs.                                Case No.  2:08-cv-210-FtM-29SPC
                                   Case No.  2:05-cr-129-FtM-29SPC

UNITED STATES OF AMERICA,

                    Respondent.
_____

**OPINION AND ORDER**

_____This matter comes before the Court on petitioner Leopoldo Caiceda Caiceda's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #179)[1] filed on March 12, 2008.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on September 30, 2008 (Cv. Doc. #7).  For the reasons set forth below, the motion is denied.

**I.**

On December 14, 2005, a federal grand jury in Fort Myers, Florida filed a two-count Indictment (Cr. Doc. #1) charging petitioner Leopoldo Caiceda Caiceda (petitioner or Caiceda) and

_____

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case  as "Cr. Doc."

three other defendants with possession with intent to distribute five kilograms or more of cocaine (Count One) and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count Two).  In due course, petitioner pled guilty to both counts without a plea agreement.  (Cr. Doc. #106.)  On October 16, 2006, the Court sentenced petitioner to concurrent 190 month terms of imprisonment, to be followed by 60 months supervised release. (Cr. Doc. #151.)  Judgment (Cr. Doc. #153) was filed on October 18, 2006.

Petitioner, through counsel, filed a Notice of Appeal (Cr. Doc. #156) on October 20, 2006.  Petitioner argued that the sentencing court erred in imposing a sentence which was considerably more severe than those of his crew members and thus was disparate and unreasonable.  (Cr. Doc. #177, p. 2.)  On May 16, 2007, the Eleventh Circuit Court of Appeals issued its opinion affirming the sentences.  (Cr. Doc. #177); United States v. Caiceda Caiceda, 224 Fed. Appx. 947 (11th Cir. 2007).

Petitioner filed this timely § 2255 motion on March 12, 2008. Read liberally, petitioner's § 2255 Petition sets forth a single claim: His attorney provided ineffective assistance of counsel at the sentencing hearing by failing to object to the two level enhancement under Sentencing Guidelines § 2D1.1(b)(2)(B) as "captain" of the vessel when his role was no different than the

other individuals on the vessel and there was no evidence that he was the captain and he never admitted being the captain.

## II.

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). See also Rompilla v. Beard, 545 U.S. 374, 380 (2005); Wiggins v. Smith, 539 U.S. 510, 521 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

Prior to the sentencing hearing, defense counsel filed a Sentencing Memorandum (Cr. Doc. #147) in which he argued, in part, that because the co-defendants were sentenced to 135 months imprisonment petitioner should receive a similar sentence. The Sentencing Memorandum argued that while petitioner was labeled a "captain" in the Presentence Report, and thus received a two-level enhancement, his role was markedly the same as the co-defendants on the trip.

At the sentencing hearing, petitioner and counsel advised the Court that the Presentence Report had been translated to petitioner but counsel's recent objection contained in an Amended Addendum had not been translated to petitioner. (Cr. Doc. #163, pp. 3-6.) Counsel stated that he and petitioner had previously discussed in the jail the objections that were going to be raised and petitioner had sent counsel a letter with some suggestions. (Id. at 5.) Counsel and petitioner were then given the opportunity to review the Amended Addendum (id. at 6), in which the Probation Office stated that petitioner objected to the two-level enhancement for being the captain of the vessel. The Presentence Report and Addendum were read and translated to petitioner, and counsel discussed each with petitioner. (Id. at 6-7.)

The Court questioned whether petitioner would qualify for the "safety valve[2]" if he was denying being the captain; government

---

[2]The Presentence Report had deducted two levels pursuant to
(continued...)

-4-

counsel advised that he did not believe petitioner was denying that he was the captain, but rather that he just wanted to be sentenced as the co-defendant crew members had been. (Id. at 7-8.) Defense counsel stated that there were no factual objections to the Presentence Report (id. at 8), but there was an objection to the application of the Sentencing Guidelines (id.). Defense counsel stated that petitioner was not objecting to the fact that he was the captain of the vessel, but rather was arguing that his role in the offense was still the same as the crew members and therefore he should receive a similar sentence based on equity under the totality of the circumstances. (Id. at 8-12.) When petitioner addressed the Court personally, he did not dispute his attorney's statement that petitioner did not deny being a captain. (Id. at 13, 18.)

The Court found that the facts were not disputed, that petitioner was clearly the captain of the vessel, and that the two-level adjustment was appropriate. (Id. at 13.) The Court further found that since petitioner was not denying being the captain, he

---

[2](...continued)
U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(9)(March 27, 2006) because petitioner satisfied the requirements of U.S. SENTENCING GUIDELINES MANUAL § 5C1.2(a)(1) through (5)(March 27, 2006). These "safety valve" requirements include the obligation of a defendant to truthfully provide the government with all information and evidence he has concerning the offenses to which he pled guilty. The burden of showing he satisfied this requirement is upon the defendant, and the failure to provide such truthful information would disqualify defendant from the safety valve reduction. United States v. Johnson, 375 F.3d 1300, 1302-03 (11th Cir. 2004).

satisfied all the requirements for the safety valve.  (Id.)  The Court found that petitioner was not like the crew because he functioned as the captain of a vessel that had 3,500 pound of cocaine, and that it was not his first time doing very similar things since he had served as a crew member on a marijuana boat in 1981.  (Id. at 18-19.)  The Court imposed a sentence of 190 months imprisonment as to both counts.

The Eleventh Circuit had not adopted a rigid definition of "captain," but looks to the facts of each case to determine if the enhancement is properly applied.  United States v. Cartwright, 413 F.3d 1295, 1298 (11th Cir. 2005), cert. denied, 126 S. Ct. 1116 (2006).  The enhancement has been upheld where a defendant admitted he was a lifelong fisherman, drove the boat at times, followed directions on where to steer the boat, and used a compass to navigate, even though he was not officially named the captain and other crew members also steered.  Cartwright, 413 F.3d at 1299.  In United States v. Rendon, 354 F.3d 1320, 1329 (11th Cir. 2003), cert. denied, 541 U.S. 1035 (2004), the captain enhancement was upheld even though defendant was not listed as captain on the manifest but had identified himself to the Coast Guard as captain, navigated the boat, was the only crew member with knowledge of the course, hired the crew and directed the crew's operations on board.

The record establishes that petitioner was the captain of the vessel.  Since counsel stated there were no factual objections to the Presentence Report and that petitioner was not disputing he was

captain, the facts in the Presentence Report are deemed admitted as true.  <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005)(citations omitted).  The Presentence Report established that petitioner had been working on vessels since the age of ten, first as a cook on a banana boat and later as a sailor on a shrimp boat, and then as a captain.  (Presentence Report, ¶ 43.)  In 1981, petitioner was a crew member of a shrimper/trawler boat boarded by the U.S. Customs and Coast Guard Service and found to contain over 27,000 pounds of marijuana from Colombia.  Petitioner was convicted of three federal felony offenses for this conduct.  (Presentence Report, ¶ 28.)  In the current case, U.S. Coast Guard officers boarded the vessel, and determined that petitioner was the captain.  In that capacity, petitioner lied to the officers, stating that the vessel had been at sea for two days searching for a fishing area and was carrying five tons of ice.  The vessel was found to contain over 3,500 pounds of cocaine in a false compartment.  (Presentence Report, ¶¶ 8-9.)  This was ample to justifying the factual finding that petitioner was the captain of the vessel.

Far from being ineffective, defense counsel's argument preserved petitioner's entitlement to the safety valve reduction while giving him the chance to also eliminate the two level enhancement for his role while not disputing his being a captain of the vessel.  The argument petitioner now presents would not only have jeopardized his safety valve reduction, it would have jeopardized his three-level reduction for acceptance of

responsibility.  "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 cmt. n.1(a)(March 27, 2006). See, e.g., United States v. Smith, 127 F.3d 987, 989-90 (11th Cir. 1997)(en banc).  Since there was no viable factual basis for counsel to dispute the Presentence Report's characterization of petitioner as captain, counsel's argument provided the best alternative possible under the circumstances.  Therefore, the Court concludes that petitioner has failed to establish that his attorney provided ineffective assistance of counsel at sentencing.

Accordingly, it is now

**ORDERED**:

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk shall place of copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of November, 2008.

_John E. Steele_
JOHN E. STEELE
United States District Judge

-8-

Copies:
AUSA Molloy
Leopoldo Caiceda Caiceda